UNITED STATES DISTRICT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IVYMEDIA CORPORATION,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ILIKEBUS, INC., ALAN ZOU A/K/A<br>XIAOHUI ZOU, TONG WEI & JOHN DOE,<br><br>　　　　　　Defendants. | Civil Action No. _____ |

**COMPLAINT**

　　1.　　IvyMedia Corporation ("IvyMedia") brings this Complaint seeking a temporary restraining order, preliminary and permanent injunctive relief, and damages, arising from Defendants' unfair competition, and unfair and deceptive trade practices.  IvyMedia is a Massachusetts corporation that owns and operates websites, www.GotoBus.com, that offer internet-based ticketing services for bus trips between cities.  Defendants are knowingly and willfully infringing on IvyMedia's commercial and intellectual property rights and misleading consumers by, *inter alia*, operating a competing website, www.iLIKEBUS.com, that contains materials intentionally copied from IvyMedia's websites; defrauding consumers.  These acts have damaged, and will continue to damage, IvyMedia irreparably.  Accordingly, IvyMedia seeks an immediate temporary restraining order, injunctive relief, and damages under federal and state law.

　　2.　　Defendant Alan Zou was previously found responsible, by this honorable Court, for IvyMedia's damages, arising from the Defendants' copyright infringement, trademark infringement, unfair competition, false advertising, false representations, and unfair and

deceptive trade practices.  See IvyMedia Corporation v. Take Tour, Inc., Alan Zou, & John Doe, 2012 WL 3689574 (D.Mass.), Civil Action No. 12-cv-11535.  On August 28, 2012, Orders were entered granting IvyMedia's motion for preliminary injunction and a temporary restraining order was issued. The court ordered that Defendants, *inter alia*, "are restricted and preliminarily enjoined from operating or using any website, or other means, that infringes on IvyMedia's trademark or other intellectual property, or unfairly compete with IvyMedia in any manner." (Dkt. No. 12).  Mr. Zou, in despite of the Court orders, was subsequently found in contempt of the preliminary injunction. See *Report and Recommendations* (Dkt. No. 38).  On June 2, 2014, a final judgement in the amount of $439,196.91 was entered against Defendant Alan Zou by this honorable Court.  (Dkt. No. 55, 56 and 57).  Subsequently, Plaintiff's Motion to enforce the judgments was allowed, and Writ of Execution was duly issued against Defendant Alan Zou on August 4, 2014.  Defendant Alan Zou has not complied with the Court order as of this date.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. §§ 1331, 1332, and 1338(a) and (b).  Jurisdiction over the state claims is appropriate under 28 U.S.C. § 1338(b) and principles of pendant jurisdiction.

4.      This Court has personal jurisdiction over the Defendants because they have conducted business in Massachusetts.  Defendants market and sell their products and services to Massachusetts residents.  Many of the bus trips offered by Defendants begin, end, stop in, or travel through Massachusetts.  The Defendants have paying customers in Massachusetts.  Their infringing website reaches Massachusetts.  They have intentionally targeted and inflicted injury upon a business located in Massachusetts.

5.      Venue in this district is proper pursuant to 28 U.S.C. § 1391.

## THE PARTIES

6. IvyMedia is a Massachusetts corporation having its principal place of business at 2285 Massachusetts Ave., Suite 204, Cambridge, Massachusetts. Xiangping "Jimmy" Chen, ("Dr. Chen") is IvyMedia's founder and President.

7. Defendant Ilikebus, Inc. is a Delaware corporation having its principal place of business at 7926 Jones Branch Drive, Suite 25, McLean, Fairfax County, Virginia.

8. Upon information and belief, Defendant Alan Zou, also known as Xiaohui Zou, ("Mr. Zou") is an individual residing at 7100 Natelli Woods Lane, Bethesda, Montgomery County, Maryland.

9. Upon information and belief, Defendant Tong Wei ("Mr. Wei") is an individual residing at 4157 Chain Bridge Road, Fairfax, Fairfax County, Virginia.

10. Upon information and belief, John Doe ("Mr. Doe") is an as-yet unidentified individual who resides in an as-yet unidentified location at an as-yet unidentified address. Upon information and belief, Mr. Doe's name and address are being maintained in confidence by the domain name registrant, www.godaddy.com.

## FACTS

*IvyMedia's Business*

11. IvyMedia is engaged in the business of providing internet-based ticketing services for bus trips between cities.

12. The company has been incorporated since approximately June 29, 2000.

13. IvyMedia operates a website located at www.GotoBus.com (previously www.ivymedia.com, and www.GotoBus.com replaced www.IvyMedia.com in 2006), which Dr. Chen has been operating continuously since March, 2002.

14. IvyMedia acts as an independent contractor for bus companies by attracting potential customers over the internet and enabling them to make reservations and purchase tickets through its website.

15. The company maintains a fee arrangement with various bus companies whereby it receives a commission based on each ticket sale made through www.gotobus.com.

16. IvyMedia generates all of its reservation and ticketing business from internet traffic. The company's business depends upon its ability to reach its customers through its website, www.GotoBus.com. Its success depends upon the goodwill and reputation and integrity that it has built through these websites.

17. www.GotoBus.com features descriptions of the trips they offer. Amongst these are original descriptions of the trips authored by Ivymedia.

18. IvyMedia includes various written policies on www.GotoBus.com, including a User Agreement and a Security Agreement that set forth the terms and conditions that apply to customers. Among other provisions, these policies contain important reservations of rights and other information concerning the company's intellectual property and proprietary information.

19. The company holds federal trademark Registration No. 3084987 from the United States Trademark Office for the mark "GOTOBUS."

20. Its "GOTOBUS" mark is displayed constantly and prominently on its www.GotoBus.com website.

***Defendants' Unauthorized, Tortious, and Infringing Activities***

21. Upon information and belief, Alan Zou and/or John Doe and/or Ilikebus, Inc. registered, owns, operates, and/or controls the domain name www.iLIKEBUS.com.

22. Like www.GotoBus.com, www.iLIKEBUS.com ostensibly offers internet-based ticketing services for bus trips.

23. The Defendants' www.iLIKEBUS.com website contains numerous elements that have been flagrantly copied from IvyMedia's www.GotoBus.com, including descriptions of the various bus details, the user interface including selection menu options and search results, the design of website icons, the user interface for dynamic price, the search result filter, and other elements contained in the website.

24. In addition, the Defendants' www.iLIKEBUS.com website contains numerous elements with high similarity to the ones on www.GotoBus.com, including descriptions of the various bus trips and schedules.

25. IvyMedia discovered Defendants' infringing activities in April 2015 during the course of monitoring various competing websites.

26. At no time have Defendants had any rights in or to the copyrighted material. Plaintiff, the owner of the copyrighted material, has never given Defendants permission, license or other authorization to use or reproduce the copyrighted material for any purpose in any location.

27. Defendants' wrongful conduct, including their use and copying of IvyMedia's intellectual property and proprietary material and their unfair competition have irreparably harmed and, if permitted to continue, will continue to irreparably harm the company.

### COUNT I
### Copyright Infringement - 17 U.S.C. § 501

28. IvyMedia repeats and realleges the allegations set forth in the foregoing paragraphs of this Complaint as if fully set forth herein.

29. Plaintiff owns a registered copyright in the original and derivative materials contained at the www.GotoBus.com website.

30. Defendants have copied without authorization from Plaintiff certain copyrighted materials from the www.GotoBus.com website.

31. Defendants' infringement was willful.

32. As a direct and proximate cause of the actions, conduct, and practices of Defendant alleged above, Plaintiff has been irreparably damaged and will continue to be damaged.

## COUNT II
### Unfair Competition and False Designation of Origin in Violation of 15 U.S.C. § 1125(a)

33. IvyMedia repeats and realleges the allegations set forth in the foregoing paragraphs of this Complaint as if fully set forth herein.

34. The acts of Defendants described above including, but not limited to, operating a website that contains materials intentionally copied from IvyMedia's websites and infringing on its copy-righted materials constitute false and misleading representations in connection with commercial advertising and promotion, and false designation of origin, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

35. Defendants' conduct constitutes unfair competition with IvyMedia and false designation of origin, and has enabled and will continue to enable Defendants to make sales and earn profits to which they are not in equity or good conscience entitled.

36. As a direct and proximate result of Defendants' above-described conduct, Defendants have caused IvyMedia irreparable harm and injury and will continue to do so unless Defendants are restrained and enjoined by this Court from further violations of IvyMedia's

rights.  Accordingly, IvyMedia is entitled to a temporary restraining order and to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

37.     IvyMedia also has suffered, and will continue to suffer, substantial economic loss in an amount to be determined at trial.

## COUNT III
### Violation of Anticybersquatting Consumer Protection Act, 15 U.S.C.S. § 1125(d)

38.     IvyMedia repeats and realleges the allegations set forth in the foregoing paragraphs of this Complaint as if fully set forth herein.

39.     The company's GOTOBUS mark is distinctive, as demonstrated by the U.S. Trademark Office's granting of trademark registration for the GOTOBUS mark.

40.     The Defendants intended in bad faith to divert customers from IvyMedia's www.GotoBus.com website to their own www.iLIKEBUS.com website for commercial gain and/or with the intent to disparage or tarnish IvyMedia's www. GotoBus.com website, by creating a likelihood of confusion and actual confusion as to the source, sponsorship, operation, or appearance of the www.GotoBus.com website.

41.     As a direct and proximate result of Defendants' above-described conduct, Defendants have caused IvyMedia irreparable harm and injury and will continue to do so unless Defendants are restrained and enjoined by this Court from further violations of the company's rights.

42.     IvyMedia also has suffered, and will continue to suffer, substantial economic loss in an amount to be determined at trial.

## COUNT IV
### Common Law Unfair Competition

43. IvyMedia repeats and realleges the allegations set forth in the foregoing paragraphs of this Complaint as if fully set forth herein.

44. As explained above, Defendants previously made false and/or misleading statements with the intention of misleading and deceiving the public in order to make sales and earn profits to which they are not in equity or good conscience entitled, which has been to Defendants' benefit and to IvyMedia's detriment.

45. Defendants continuously infringed on IvyMedia's copy-righted material and then started to compete with IvyMedia for the same business of bus trip services, using similar website design and contents of www.GotoBus.com.

46. Defendants' conduct constitutes unfair competition with IvyMedia. As a direct and proximate result of Defendants' above-described conduct, Defendants have caused IvyMedia irreparable harm and injury and will continue to do so unless Defendants are restrained and enjoined by this Court from further violation of IvyMedia's rights.

47. IvyMedia also has suffered, and will continue to suffer, substantial economic loss in an amount to be determined at trial.

## COUNT V
## Unjust Enrichment

48. IvyMedia repeats and realleges the allegations set forth in the foregoing paragraphs of this Complaint as if fully set forth herein.

49. Without compensating IvyMedia, Defendants knowingly benefitted from their unauthorized reproduction of IvyMedia's intellectual property and proprietary material.

50. As a consequence, Defendants have been unjustly enriched at the expense of IvyMedia.

51.  IvyMedia is entitled to receive any profits that Defendants have made through their wrongful conduct.

### COUNT VI
### Unfair And Deceptive Trade Practice – M.G.L. c. 93A
### (Against Ilikebus, Inc. only)

52.  IvyMedia repeats and realleges the allegations set forth in the foregoing paragraphs of this Complaint as if fully set forth herein.

53.  Defendant Ilikebus, Inc. is a business engaged in trade or commerce.

54.  The above-referenced acts and omissions by Ilikebus, Inc. were unfair and deceptive in violation of M.G.L. c. 93A § 9.

55.  Ilikebus, Inc.'s unfair and deceptive conduct was perpetrated knowingly and willfully.

56.  Ilikebus, Inc.'s unfair and deceptive conduct occurred primarily and substantially in the Commonwealth of Massachusetts to IvyMedia's detriment.

### **PRAYER FOR RELIEF**

Wherefore, IvyMedia prays that this Court enter judgment in its favor against Defendants on all of the claims set forth above and award IvyMedia relief including but not limited to the following:

   a. A temporary restraining order against Defendants and all persons acting in concert with them (collectively "Defendants") (i) enjoining Defendants from using IvyMedia's copy-righted material; (ii) requiring Defendants to immediately suspend operation of the www.iLIKEBUS.com website and to cease and desist any use of it; and (iii) enjoining Defendants from operating or using any website,

or other means, that infringes on IvyMedia's copy rights or any of its other commercial rights.

b. A preliminary and permanent injunction against Defendants (i) enjoining Defendants from using IvyMedia's copy-righted material; (ii) requiring Defendants to immediately suspend operation of the www.iLIKEBUS.com website and to cease and desist any use of it; and (iii) enjoining Defendants from operating or using any website, or other means, that infringes on IvyMedia's copy rights or any of its other commercial rights, directly or indirectly compete with IvyMedia or its subsidiaries and affiliations.

c. An order directing Defendants to file with this Court and serve on IvyMedia through counsel within ten (10) days after the date of the entry of any injunction, a report in writing and under oath setting forth in detail the manner and form in which they have complied with the injunction;

d. An order directing Defendants and/or the domain name registrant, www.godaddy.com, or its successor, to have the domain name, www.iLIKEBUS.com, transferred to Plaintiff IvyMedia.

e. An order granting judgment in IvyMedia's favor on all Counts asserted in this Complaint.

f. An order awarding IvyMedia (i) actual monetary damages for all Counts, (ii) statutory damages (at IvyMedia's election) for violations of the Anticybersquatting Consumer Protection Act, 15 U.S.C.S. § 1125(d), and the Lanham Act, 15 U.S.C. § 1114 and 15 U.S.C. § 1125(a); (iii) treble damages for the Defendants' violations of the Lanham Act, 15 U.S.C. § 1114 and 15 U.S.C. §

1125(a), the Anticybersquatting Consumer Protection Act, 15 U.S.C.S. § 1125(d), and M.G.L. c. 93A; and (iv) attorneys' fees for the Defendants' of the Lanham Act, 15 U.S.C. § 1114 and 15 U.S.C. § 1125(a), the Anticybersquatting Consumer Protection Act, 15 U.S.C.S. § 1125(d), and M.G.L. c. 93A.

g. An order awarding IvyMedia such further relief as this Court may deem just and proper.

**TRIAL BY JURY IS DEMANDED ON ALL ISSUES TRIABLE BY JURY**

Respectfully submitted:

IVYMEDIA CORPORATION

By its attorney,

/s/ Ye Edward Huang
Ye Edward Huang (BBO#: 671519)
LAW OFFICE OF YE E. HUANG
70 Manor Avenue
Wellesley, MA 02482
(508) 651-8388; (781) 922-8888
yehuang@lawyeh.com

Dated: May 27, 2015