**United States District Court**
**District of Massachusetts**

```
_____
                                )
IVYMEDIA CORPORATION,           )
                                )
          Plaintiff,            )
                                )
          v.                    )    Civil Action No.
                                )    15-11918-NMG
ILIKEBUS, INC., ALAN ZOU        )
and TONG WEI,                   )
                                )
          Defendants.           )
_____ )
```

**MEMORANDUM & ORDER**

**GORTON, J.**

This case arises out of a copyright infringement dispute between two businesses that provide online ticketing and reservation services for bus companies. Plaintiff IvyMedia Corporation ("IvyMedia") alleges that defendants iLIKEBUS, Inc. ("iLIKEBUS"), Alan (a/k/a Xiaohui) Zou ("Zou"), Tong Wei ("Wei") and unidentified individual John Doe have infringed its copyrighted materials through their website www.iLIKEBUS.com.

Pending before the Court are 1) plaintiff's motion for a temporary restraining order and a preliminary injunction to enjoin defendants from further publishing any copyrighted content by shutting down defendants' website and 2) defendants' motion to dismiss or, in the alternative, for more a definite statement. For the reasons that follow, defendants' motion will

-1-

be allowed, in part, and denied, in part, and plaintiff's motion
for a preliminary injunction will be denied.

I.   **Background**

  A.   **Parties**

IvyMedia, a Massachusetts corporation, offers a web-based
platform for customers to make reservations and purchase bus
tickets for inter-city travel in the United States.  It is the
owner and operator of the website www.GotoBus.com which launched
in 2006.[1]  IvyMedia acts as an independent contractor for bus
companies and receives a commission based on each ticket sale
made through its website.  The company holds federal trademark
registration number 3084987 from the United States Trademark
Office for the mark "GOTOBUS."

Defendant iLIKEBUS is a Delaware corporation with its
principal place of business in Virginia.  Defendant Zou is a
director of iLIKEBUS and resides in Maryland.  Wei, the Chief
Executive Officer of iLIKEBUS, resides in Virginia.
Collectively, defendants operate the website www.iLIKEBUS.com
which also provides internet-based ticketing services for bus
trips.

---

[1] IvyMedia's original website www.IvyMedia.com has been operating
continuously since March, 2002.

### B.   IvyMedia's Copyright

IvyMedia describes its website as containing both static and dynamic pages.  A static page appears the same way whenever a user visits it while a dynamic page is composed by a server in response to a user's specific request for information. Plaintiff avers that all of the static pages on its website are protected by a registered copyright issued by the United States Copyright Office and those pages include

> among other things, the summary descriptions and full descriptions of each of the tours and vacations offered on [its] website.

IvyMedia does not provide in its complaint or accompanying declaration, however, the copyright registration number, the date its copyright became effective or a description of the scope of its copyright.  Plaintiff instead mentions in a declaration accompanying its opposition to defendants' motion to dismiss that IvyMedia received its certificate of copyright registration in 2005.  Moreover, although plaintiff indicates in footnote 3 of its motion for preliminary injunction that the subject copyright extends to

> portion  of  text;  revision  of  pre-existing  text; selection, coordination and arrangement of text, graphic art & photograph

and cites paragraph 22 of the Chen Declaration, that quote does not in fact appear in the referenced declaration.

**C.   Defendants' Alleged Infringement**

IvyMedia contends that in April, 2015, it discovered that defendants' website copied numerous aspects of the www.GotoBus.com website including

> descriptions of the various bus details, the user interface including selection menu options and search results, the design of website icons, the user interface for dynamic price, the search result filter, and other elements contained in the website.

Plaintiff also offers several exhibits depicting screenshots comparing the two websites.  It avers that the exhibits indicate that defendants copied plaintiff's 1) user interface design of the search box and search results, 2) user interface for schedule selection in the search results, 3) user interface for selecting a new city, 4) design of the "sold out" and "overnight" icons, 5) user interface for roundtrip schedule selection, including the exact wording and expanded schedules and 6) checkout process.

**D.   Procedural History**

Plaintiff simultaneously filed the instant lawsuit and motion for preliminary injunction in May, 2015.  The complaint asserts claims for 1) copyright infringement in violation of 17 U.S.C. § 501, 2) unfair competition and false designation of origin in violation of the Lanham Act, 15 U.S.C. § 1125(a), 3) violation of the Anticybersquatting Consumer Protection Act, 15

U.S.C. § 1125(d), 4) common law unfair competition, 5) unjust enrichment and 6) violation of M.G.L. c. 93A.

The following month, defendant moved to dismiss the case for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) and for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).  A hearing on both motions was held in July, 2015.

## II. <u>Defendants' Motion to Dismiss, or in the Alternative, for a More Definite Statement</u>

### A.    Personal Jurisdiction

#### 1.    Legal Standard

In order to hear cases and issue judgments the Court must first find personal jurisdiction over the parties. <u>United States</u> v. <u>Swiss Am. Bank, Ltd.</u>, 191 F.3d 30, 35 (1st Cir. 1999).  The plaintiff bears the burden of proving personal jurisdiction and must present specific facts to support its claim. <u>Foster-Miller, Inc.</u> v. <u>Babcock & Wilcox Canada</u>, 46 F.3d 138, 145 (1st Cir. 1995).  The Court accepts properly supported proffers of evidence by the plaintiff as true and considers facts put forward by the defendants to the extent that they are uncontradicted by the plaintiff. <u>Newman</u> v. <u>European Aeronautic Defence & Space Co. Eads N.V.</u>, 700 F. Supp. 2d 156, 159 (D. Mass. 2010).

To establish personal jurisdiction, a plaintiff must show that jurisdiction is 1) statutorily authorized and 2) consistent with the Due Process Clause of the United States Constitution. Astro-Med, Inc. v. Nihon Kohden Am., Inc., 591 F.3d 1, 8 (1st Cir. 2009).  Because the Massachusetts long-arm statute, M.G.L. c. 223A, § 3, reaches to the full extent that the Constitution allows, the Court proceeds directly to the constitutional analysis. See Sawtelle v. Farrell, 70 F.3d 1381, 1388 (1st Cir. 1995).

The Due Process Clause requires minimum contacts between a nonresident defendant and the forum state such that the exercise of personal jurisdiction over that defendant accords with "traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

There are two forms of personal jurisdiction: general and specific. Pritzker v. Yari, 42 F.3d 53, 59 (1st Cir. 1994). Specific jurisdiction is the narrower of the two kinds and exists when the plaintiff's cause of action arises out of or relates to the defendants' contacts with the forum state. Id. at 60.  Specific jurisdiction is appropriate when 1) the claims arise out of or are related to the defendants' in-state activities, 2) the defendants have purposefully availed themselves of the laws of the forum state and 3) the exercise of

jurisdiction is reasonable under the circumstances. <u>Sawtelle</u>, 70 F.3d at 1389.

Alternatively, general jurisdiction exists when the defendant has engaged in "continuous and systematic activity", unrelated to the suit, in the forum state. <u>Id.</u>  IvyMedia does not allege that the Court has general jurisdiction over defendants.  The Court therefore will proceed only with an analysis of specific jurisdiction.

### 2.  Application

Plaintiff contends that the Court has specific jurisdiction over defendants because 1) they have previously conducted business in Massachusetts, 2) they market and sell their products and services to Massachusetts residents, 3) many of the bus trips offered by defendants begin, end or traverse Massachusetts, 4) defendants have paying customers in Massachusetts, 5) the allegedly infringing website reaches Massachusetts and 6) defendants have targeted and inflicted injury upon a business located in Massachusetts.

Defendants dispute each of plaintiff's allegations with the exception of the allegation that the website reaches Massachusetts.  They aver that they do not conduct business in Massachusetts, do not market or sell their products to Massachusetts residents, do not offer bus trips that begin, end or traverse the Commonwealth and do not have any paying

-7-

customers in Massachusetts.  Moreover, defendants contend that
iLIKEBUS is not registered to do business in Massachusetts, does
not have any offices, property or employees in Massachusetts and
has not entered into any contracts in Massachusetts or with any
Massachusetts entities.

Accepting all of defendants' assertions as true, the Court,
nevertheless, finds personal jurisdiction over iLIKEBUS and its
corporate officers, see Marks v. Polaroid Corp., 237 F.2d 428,
435 (1st Cir. 1956) (noting that corporate officers may be
subject to personal jurisdiction based on the infringing acts of
their employer if they are a "moving, active, conscious force
behind the [alleged] infringement"), for the following reasons:

### a.   Relatedness

The relatedness prong of the test for personal jurisdiction
"focuses on the nexus between the defendant[s'] contacts and the
plaintiff's cause of action" to ensure that defendants will not
be subject to personal jurisdiction unless their contact with
the forum state caused the alleged harm. Ticketmaster-New York,
Inc. v. Alioto, 26 F.3d 201, 206-07 (1st Cir. 1994).

The Court concludes that plaintiff's claims are related to
defendants' in-state activities because the alleged wrongdoing
arises out of the publication of a website

> that is continuously available to Massachusetts
> residents and [allegedly] causing tortious injury in
> Massachusetts to [plaintiff].

-8-

Hasbro Inc. v. Clue Computing Inc., 994 F. Supp. 34, 44 (D.
Mass. 1997).

### b.   Purposeful Availment

The second inquiry relative to specific jurisdiction is
whether the defendant "purposefully avail[ed] itself of the
privilege of conducting activities within the forum State".
Hanson v. Denckla, 357 U.S. 235, 253 (1958).  Voluntariness and
foreseeability are the focal points of the inquiry. Sawtelle, 70
F.3d at 1391.  The threshold of purposeful availment is lower,
however, for cases that involve "torts that create causes of
action in a forum state (even torts caused by acts done
elsewhere)." Digital Equip. Corp. v. AltaVista Tech., Inc., 960
F. Supp. 456, 469 (D. Mass. 1997)

Although plaintiff has not proffered evidence of
defendants' advertising or sales to Massachusetts residents, the
Court concludes that purposeful availment is satisfied because
the target of the alleged copyright infringement was a
Massachusetts company. See Venture Tape Corp. v. McGills Glass
Warehouse, 292 F. Supp. 2d 230, 233 (D. Mass. 2003) (holding
that defendant's alleged misuse of trademarks belonging to a
Massachusetts company alone is enough to satisfy purposeful
availment even though "there [was] no indication that

[defendant's website] targeted Massachusetts residents in any way"); see also Digital, 960 F. Supp. at 469.

### c.  Reasonableness

Finally, the reasonableness inquiry operates on a sliding scale with the first two factors of the jurisdictional analysis, such that a stronger showing of relatedness and purposeful availment serves to ease the plaintiff's burden of establishing reasonableness. Risktimetry Analytics, LLC v. Altaira, LLC, 752 F. Supp. 2d 141, 147 (D. Mass. 2010).  In evaluating reasonableness, this Court considers a series of "gestalt factors": 1) defendant's burden of appearing, 2) the forum state's interest in adjudicating the dispute, 3) plaintiff's interest in obtaining convenient and effective relief, 4) the judicial system's interest in effectively resolving the controversy and 5) the common interests of all sovereigns in promoting substantive social policies. Adelson v. Hananel, 510 F.3d 43, 51 (1st Cir. 2007).

The Court concludes that the plaintiff has adequately demonstrated reasonableness of adjudicating the case in Massachusetts.  Accordingly, defendants' motion to dismiss the case for lack of personal jurisdiction will be denied.

## B.   Substantive claims

### 1.   Legal Standard

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  The Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Langadinos v. Am. Airlines, Inc., 199 F.3d 68, 69 (1st Cir. 2000).  It may also supplement the facts contained in the pleadings by considering documents central to plaintiff's claims and documents sufficiently referenced in the complaint. Curran v. Cousins, 509 F.3d 36, 44 (1st Cir. 2007).  The Court, however, need not accept legal conclusions as true. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Threadbare recitals of the legal elements, supported by mere conclusory statements, do not suffice to state a cause of action. Id.  Accordingly, a complaint does not state a claim for relief where the well-pled facts fail to warrant an inference of any more than the mere possibility of misconduct. Id. at 1950.

### 2.   Copyright Infringement (Count I)

To state a claim for copyright infringement, plaintiff must allege plausible facts demonstrating 1) ownership of a valid copyright and 2) copying of constituent elements of the work

that are original. <u>Feist Publ'ns, Inc.</u> v. <u>Rural Tel. Servs. Co.</u>,
499 U.S. 340, 361 (1991).  With respect to the first element, a
certificate of copyright registration is prima facie evidence of
ownership of a valid copyright. <u>Lotus Dev. Corp.</u> v. <u>Borland</u>
<u>Int'l, Inc.</u>, 49 F.3d 807, 813 (1st Cir. 1995).

To satisfy the second prong, actionable copying,

> plaintiff must first prove that the alleged infringer
> copied plaintiff's copyrighted work as a factual
> matter...[by] either present[ing] direct evidence of
> factual copying or, if that is unavailable, evidence
> that the alleged infringer had access to the copyrighted
> work and that the offending and copyrighted works are so
> similar that the court may infer that there was factual
> copying (i.e., probative similarity). The plaintiff must
> then prove that the copying of copyrighted material was
> so extensive that it rendered the offending and
> copyrighted works substantially similar.

<u>Id.</u> (citations omitted).

Defendants contend that IvyMedia has failed to state a
copyright infringement claim because the complaint fails 1) to
identify the title or registration number of the subject
copyright, 2) to allege when the infringement occurred or 3)
identify the scope of the copyrighted materials or the alleged
infringement.  The Court agrees with the defendants that
plaintiff's pleadings are tenuous but concludes that it has,
nevertheless, pled enough to survive a motion to dismiss.

With respect to the identification of the copyright,
IvyMedia alleges that it holds a valid copyright to portions of
its website.  Although it would have been helpful for plaintiff

to provide the copyright registration number and description without requiring the defendants and the Court to look for it independently, that copyright was adequately referenced in the complaint to enable a relatively easy search.

As for the timing of the infringement, plaintiff has alleged that iLIKEBUS was incorporated in August, 2014 and that it discovered defendants' website in April, 2015.  Presumably the alleged infringement occurred prior to the time the website became publicly available sometime between August, 2014 and April, 2015.

With respect to the scope of the infringement, plaintiff alleges that defendants copied various protected contents from the www.GotoBus.com website including 1) descriptions of bus details, 2) the user interface for selection menu options and search results, 3) the design of website icons and 4) the search result filter.  IvyMedia also provides several screenshots of examples of the alleged infringement.

Taking plaintiff's factual assertions as true at the motion to dismiss stage, the Court concludes that IvyMedia has adequately pled a claim for a copyright infringement. Defendants' motion to dismiss Count I will therefore be denied.

### 3.   Lanham Act (Count II)

The Lanham Act prohibits unfair competition through false or misleading representations that could cause confusion with

respect to the "origin, sponsorship, or approval" of goods or services. 15 U.S.C. § 1125(a)(1)(A). Plaintiff alleges that defendants violated the Lanham Act because their website

> contains materials intentionally copied from IvyMedia's websites and infring[es] on [] copy-righted materials.

IvyMedia has failed, however, to make any allegations to support its Lanham Act claim beyond those in support of its copyright infringement claim. The Lanham Act claim is therefore duplicative. See Mitchell Int'l, Inc., v. Fraticelli, 2007 WL 4197583, at *12 (D.P.R. Nov.26, 2007) ("Where a plaintiff's Lanham Act claim merely alleges that the defendant made unauthorized use of a copyrighted work, the Lanham Act claim will be dismissed as duplicative of the copyright claim.")

Accordingly, Count II of plaintiff's complaint will be dismissed.

### 4. Anticybersquatting Consumer Protection Act ("ACPA") (Count III)

To state a claim under the ACPA, plaintiff must allege that defendants 1) registered, trafficked in or used a domain name, 2) that is confusingly similar to the plaintiff's trademark and 3) had a bad faith intent to profit from that domain name. 15 U.S.C. § 1125(d).

Plaintiff has not alleged that defendants' domain name www.iLIKEBUS.com is confusingly similar to plaintiff's "GOTOBUS"

trademark.  Defendants' motion to dismiss Count III of
plaintiff's complaint will therefore be allowed.

### 5.    State Law Claims (Counts IV-VI)

Defendants contend that plaintiff's state law claims for
common law unfair competition (Count IV), unjust enrichment
(Count V) and violations of the Massachusetts Consumer
Protection Act ("Chapter 93A") (Count VI) are preempted by the
Copyright Act.  The Court agrees.

The Copyright Act contains an express preemption provision
that preempts all state causes of action that are equivalent to
a federal copyright infringement claim. 17 U.S.C. § 301(a).  A
state law claim is preempted if

> 1) The work involved falls within the subject matter of
> the copyright and 2) the state law claim incorporates no
> extra element that is qualitatively different from the
> copyright claim.

Steele v. Turner Broad. Sys., Inc., 607 F. Supp. 2d 258, 263 (D.
Mass. 2009).

Here, plaintiff's state law claims as alleged in the
complaint are based on the same conduct as its copyright
infringement claim and are therefore preempted by the Copyright
Act. See Feldman v. Twentieth Century Fox Film Corp., 723 F.
Supp. 2d 357, 368 (D. Mass. 2010) ("Courts in this circuit have
repeatedly held...unfair competition[] and unjust enrichment
claims, when based on the same allegations as the copyright

-15-

claim, to be preempted."); <u>Patricia Kennedy & Co.</u> v. <u>Zam-Cul</u>
<u>Enterprises, Inc.</u>, 830 F. Supp. 53, 56 (D. Mass. 1993) ("courts
have determined that state law causes of action premised on
theories such as misappropriation or unfair competition wherein
the allegations are concerned solely with the copying or
replication of protected works of authorship are preempted.").

Accordingly, defendants' motion to dismiss Counts IV
through VI will be allowed.

C.   **Motion for a More Definite Statement**

Pursuant to Rule 12(e) of the Federal Rules of Civil
Procedure, defendants move for a more definite statement of
Count I which survives the motion to dismiss.  A motion for a
more definite statement should be allowed only where a complaint
is "so vague or ambiguous that a party cannot reasonably prepare
a response." Fed. R. Civ. P. 12(e).  That rule "is designed to
remedy unintelligible pleadings, not merely to correct for lack
of detail." <u>Kelly</u> v. <u>L.L. Cool J.</u>, 145 F.R.D. 32, 35 (S.D.N.Y.
1992).

The motion is inapt here because the Court has already
concluded that plaintiff has pled its copyright infringement
claim adequately.  Moreover, defendants may obtain additional
information with respect to the scope of plaintiff's copyright
protection through discovery.  Defendants' motion for a more

definite statement with respect to Count I of plaintiff's complaint will therefore be denied.

## III. __Plaintiff's Motion for a Preliminary Injunction__

### A. __Legal Standard__

In order to obtain a preliminary injunction, the moving party must establish

> (1) a substantial likelihood of success on the merits, (2) a significant risk of irreparable harm if the injunction is withheld, (3) a favorable balance of hardships and (4) a fit (or lack of friction) between the injunction and the public interest.

Nieves-Marquez v. Puerto Rico, 353 F.3d 108, 120 (1st Cir. 2003) (citation omitted).

Claims based on copyright infringement are subject to a modified preliminary injunction standard, wherein the Court

> must ordinarily presume that the plaintiff has suffered irreparable harm and that an injunction will serve the public interest if the plaintiff demonstrates a likelihood of success on the merits.

Green Book Int'l Corp. v. Inunity Corp., 2 F. Supp. 2d 112, 124 (D. Mass. 1998) (citing Concrete Mach. Co. v. Classic Lawn Ornaments, Inc., 843 F.2d 600, 612-13 (1st Cir. 1988)). Accordingly, the likelihood of success on the merits "weighs heaviest on the decisional scales." Coquico, Inc. v. Rodriguez-Miranda, 562 F.3d 62, 66 (1st Cir. 2009).

B.    **Application**

1.    **Likelihood of Success**

To prevail on a copyright infringement claim, the alleged copyright owner must prove ownership of a valid copyright and the unauthorized copying of elements of the work that are original. Feist Publ'ns, Inc., 499 U.S. at 361.

Plaintiff appears to hold a December, 2005 copyright registration for its website which covers "New Matter: additions, revisions, selection & arr. of text, art and photos." It alleges that defendants copied various protected contents from the www.GotoBus.com website including descriptions of bus details and numerous user interfaces with respect to searching for and purchasing bus tickets.

The Court cannot conclude, however, that plaintiff is likely to succeed on the merits of its copyright infringement claim at this stage for several reasons.

First, the December, 2005 copyright registration covers the version of the IvyMedia website published in October, 2005.  It is unclear to the Court which portions of that website have been modified and are still covered by the ten-year-old registration.

Second, certain webpages depicted in the exhibits accompanying plaintiff's complaint appear to be "dynamic pages" composed by a server in response to a user's specific request for information.  Although the Court perceives similarities in

-18-

the user interfaces of the parties' webpages, IvyMedia has not demonstrated that it is likely to succeed in proving that its copyright registration covers those allegedly copied features.

Finally, with respect to the copyright-protected "static pages" which include the summary descriptions and full descriptions of each of the tours and vacations offered, plaintiff has failed to provide examples of copying of such descriptions by defendants.  The Court is not therefore in a position to assess the likelihood of success of plaintiff's copyright infringement claim based upon unauthorized copying of those static pages.

Accordingly, the Court cannot at this stage of the litigation conclude that plaintiff is likely to succeed on the merits of its copyright claim and plaintiff's motion for a preliminary injunction will be denied.

## ORDER

For the foregoing reasons,

1) defendants' motion to dismiss (Docket No. 16) is, with respect to Counts II through VI, **ALLOWED,** but is otherwise **DENIED;**

2) defendants' motion for a more definite statement (Docket No. 16) is **DENIED;** and

3) plaintiff's motion for a temporary restraining order and for a preliminary injunction (Docket No. 2) is **DENIED.**

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated July 13, 2015