United States District Court
District of Massachusetts

|  |  |
|---|---|
| **IVYMEDIA CORPORATION,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 15-11918-NMG |
| **iLIKEBUS, INC., ALAN ZOU, TONG** ) | |
| **WEI AND JOHN DOE,** ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM & ORDER

**GORTON, J.**

This is a copyright infringement dispute between two competing companies that provide online ticketing and reservation services for bus companies.  Plaintiff IvyMedia Corporation ("IvyMedia" or "plaintiff") alleges that defendants iLIKEBUS, Inc. ("iLIKEBUS"), Alan Zou ("Zou"), Tong Wei ("Wei") and John Doe (collectively, "defendants") unlawfully copied its website features for use on their website to poach its clients.

Pending before the Court are two motions to amend the pleadings and two motions to amend the deadlines in the scheduling order.  For the reasons that follow, 1) plaintiff's motion to amend the complaint will be denied, 2) defendants' motion to amend the answer will be denied, 3) defendants' motion to amend the scheduling order will be denied and 4) the joint motion to amend the scheduling order will be allowed.

## I. Background and procedural history

IvyMedia initiated the instant action against iLIKEBUS, Zou, Wei and Doe in May, 2015. Its complaint alleged violations of the Copyright Act, the Lanham Act, the Anticybersquatting Consumer Protection Act ("the ACPA") and three state law violations. Defendants moved to dismiss the complaint.

In July, 2015, the Court allowed, in part, and denied, in part, defendants' motion to dismiss. The Court found that the copyright claim was "tenuous" but survived dismissal. The Court then dismissed the Lanham Act claim as duplicative of the copyright claim, the ACPA claim for failure to state a claim and the state law claims as preempted by the federal Copyright Act.

Shortly thereafter, defendants filed an answer that did not assert any counterclaims.

The Court convened a scheduling conference in September, 2015 and instructed the parties to file amendments or supplements to their pleadings, if any, on or before January 31, 2016. IvyMedia moved to amend its complaint to add nine new claims on January 20, 2016 and defendants moved to amend their answer to add two antitrust counterclaims on the last day for filing such amendments. Defendants also moved to extend the scheduling deadlines by six months to allow for discovery on the new claims and counterclaims which drastically altered the composition of the case.

In April, 2016, the parties jointly moved to extend the scheduling deadlines by one month in order to complete depositions with respect to IvyMedia's copyright claim.

## II. Plaintiff's motion to amend the complaint

In its motion to amend the complaint, IvyMedia seeks

1) to bolster its remaining copyright claim with additional facts,

2) to revive its previously dismissed a) Lanham Act claim of false designation of origin, b) common law claim of unfair competition and c) Chapter 93A claim with additional facts,

3) to raise three new Lanham Act claims of misappropriation, false advertising and passing off, and

4) to assert new state law claims of false advertising, breach of contract and breach of the implied covenant of good faith and fair dealing.

IvyMedia's motion will be denied because the amendment would be futile. None of the proposed claims would survive dismissal under the Fed. R. Civ. P. 12(b)(6) standard.

The four Lanham Act claims are duplicative of the copyright claim because they arise out of IvyMedia's allegations that defendants unlawfully "copied" and "misappropriated" certain features of IvyMedia's website. None of the Lanham Act claims states a claim because IvyMedia does not allege sufficient facts to support other instances of "copying" or assert that defendants misused its trademark of "GOTOBUS".

The state law claim of false advertising and the common law claim of unfair competition are preempted by the Copyright Act because they are based upon the same conduct at issue in the copyright claim.  Both of the contract claims fail to state a claim because IvyMedia does not allege that the terms of its User Agreement were reasonably communicated to, or accepted by, defendants, i.e., that there was a valid contract between the parties.  The Chapter 93A claim appears to be "tacked on" and presents no new factual allegations.

Thus, none of IvyMedia's new claims would survive dismissal and it would be futile for it to amend the complaint. Accordingly, its motion to amend the complaint will be denied.

### III. **Defendants' motion to amend the answer**

Defendants seek to amend the answer in order to add two new antitrust counterclaims.  That motion will also be denied.

Although defendants allege sufficient facts under the Rule 12(b)(6) standard to support such counterclaims, their motion appears to be a disingenuous response to plaintiff's motion to amend the complaint and comes at the last possible minute. Furthermore, defendants could have included the counterclaims in their July, 2015 answer long before the conclusion of the discovery period.

With respect to the counterclaim of monopolization, defendants could have factually alleged in their answer that

-4-

IvyMedia 1) possessed monopoly power in the relevant market, i.e., the market of online booking services for low cost bus operators on the Eastern Seaboard, and 2) deliberately acquired or maintained its monopoly power through anti-competitive conduct such as threatening to cease doing business with bus operators who also did business with its competitors.

With respect to the counterclaim of attempted monopolization, defendants could have factually alleged in their answer that IvyMedia 1) engaged in anti-competitive acts such as the exclusive dealing described above, 2) acted with the specific intent to destroy its competition and monopolize the market and 3) had a dangerous probability of achieving monopoly power in the relevant market.

If defendants wish to pursue their antitrust claims (which arise from facts other than those alleged by IvyMedia in support of its copyright claim), they can file a complaint against IvyMedia in a separate action rather than adding complex counterclaims and a six-month delay to this case.

Accordingly, defendants' motion to amend will be denied.

**IV. Defendants' motion to amend the scheduling order**

Defendants move to amend the scheduling order by extending all deadlines by six months in order to conduct discovery on the new claims and counterclaims. A six-month extension is

unwarranted given the current posture of the case.  That motion will be denied.

### ORDER

For the foregoing reasons,

1) plaintiff's motion for leave to amend the complaint (Docket No. 47) is **DENIED,**

2) defendants' motion for leave to amend the answer (Docket No. 48) is **DENIED,**

3) defendants' motion to amend the scheduling order (Docket No. 49) is **DENIED,** and

4) the joint motion to amend the scheduling order (Docket No. 58) is **ALLOWED.**

The case will proceed with IvyMedia's claim of copyright infringement.  The pre-trial schedule is amended as follows:

- all fact discovery shall be completed by June 15, 2016;

- plaintiff's experts, if any, shall be designated and Rule 26 reports exchanged on or before June 30, 2016;

- defendants' experts, if any, shall be designated and Rule 26 reports exchanged on or before July 31, 2016;

- expert depositions shall be completed by August 31, 2016;

- dispositive motions shall be filed by September 30, 2016;

- oppositions to dispositive motions shall be filed by October 31, 2016;

-7-

- the final pretrial conference will be held on Thursday, February 2, 2017 at 3:00 p.m.; and

- trial shall commence on Monday, February 6, 2017 at 9:00 a.m.

If the parties choose to continue the Alternative Dispute Resolution hearing, they may make such a request to Senior Judge Edward F. Harrington.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated: May 5, 2016