United States District Court
District of Massachusetts

| | |
|---|---|
| IVYMEDIA CORPORATION,  )<br>  )<br>      Plaintiff,  )<br>  )<br>      v.  )<br>  )<br>ILIKEBUS, INC., ALAN ZOU, TONG  )<br>WEI and JOHN DOE,  )<br>  )<br>      Defendants.  )<br>  ) | Civil Action No.<br>15-11918-NMG |

## ORDER

GORTON, J.

This is a copyright infringement dispute between two competing companies that provide online ticketing and reservation services for bus companies. In June, 2016, plaintiff IvyMedia Corporation ("IvyMedia" or "plaintiff") served defendants iLIKEBUS, Inc. ("iLIKEBUS"), iLIKEBUS director Alan Zou ("Zou") and iLIKEBUS Chief Executive Officer Tong Wei ("Wei") with notices of depositions to be held at the offices of plaintiff's counsel in Wellesley, Massachusetts.

Pending before the Court is defendants' motion for a protective order to prohibit plaintiff from requiring them to travel to Massachusetts, the state in which plaintiff is located, to be deposed. For the reasons that follow, that motion will be allowed.

In their motion, defendants seek 1) to quash the notices of depositions as improperly requiring them to travel to Massachusetts which would be "annoying, oppressive, and an undue burden and expense" under Fed. R. Civ. P. 26(c)(1), 2) to order plaintiff to depose them only in Virginia or Maryland or within 100 miles of their residences or places of business in Virginia and Maryland or, alternatively, 3) to direct plaintiff to reimburse them for their expenses incurred as a result of attending depositions in Massachusetts.

Fed. R. Civ. P. 45(c)(1) provides that a subpoena may only compel a party or its officer to attend a deposition in the state, or within 100 miles of, where the person resides, is employed or regularly transacts business in person. Fed. R. Civ. P. 45(c)(1)(A),(B). Although this Court found in July, 2015 that it had personal jurisdiction over iLIKEBUS and its corporate officers, the operative inquiry with respect to deposition location is whether the corporate officers live, work or regularly conduct business in or within 100 miles of Massachusetts. Defendants deny that they do. Plaintiff responds that corporate officers, in general, must frequently travel out-of-state and Wei recently traveled to Massachusetts in connection with this litigation.

The Court declines to depart from the plain reading of the text of Rule 45(c)(1) and will not require defendants, who live,

work and transact business in Virginia and Maryland, to travel over 100 miles to attend depositions in Massachusetts.

Accordingly, defendants' motion for a protective order (Docket No. 68) is **ALLOWED**. Plaintiff must either depose the corporate officers 1) in Virginia or Maryland or within 100 miles of where they live, work or regularly transact business or 2) in Massachusetts and reimburse defendants for the reasonable expenses incurred. Plaintiff may also consider taking the depositions by video teleconference, telephone or other remote electronic means.

Any further unresolved discovery disputes of a similar nature will result in the imposition of sanctions upon one or both sets of parties and/or counsel to the extent that the Court deems the parties and/or counsel to be unreasonable.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated: June 20, 2016