United States District Court
District of Massachusetts

| | |
|---|---|
| **IVYMEDIA CORPORATION,**   )<br>                              )<br>        Plaintiff,           )<br>                              )<br>        v.                    )<br>                              )<br>**iLIKEBUS, INC., ALAN ZOU, TONG** )<br>**WEI AND JOHN DOE,**         )<br>                              )<br>        Defendants.           )<br>                              ) | Civil Action No.<br>15-11918-NMG |

### MEMORANDUM & ORDER

**GORTON, J.**

This case involves a copyright infringement dispute between two competing businesses that provide online ticketing and reservation services for bus companies.  Plaintiff IvyMedia Corporation ("IvyMedia" or "plaintiff") alleges that defendants iLIKEBUS, Inc. ("iLIKEBUS"), Alan Zou and Tong Wei (collectively, "defendants") unlawfully copied its website's characteristics.  Pending before the Court are plaintiff's motion to amend the complaint and defendants' motion to strike. For the reasons that follow, the motion to amend will be allowed and the motion to strike will be denied.

I.   Factual and Procedural Background:

IvyMedia, a Massachusetts corporation, offers a web-based platform for customers to make reservations and purchase bus tickets.  Its original website, www.IvyMedia.com, has been

operating since March, 2002. It also owns and operates the website www.GotoBus.com which was launched in 2006. IvyMedia acts as an independent contractor for bus companies and receives a commission based on each ticket sale made through its website.

Defendant iLIKEBUS is a Delaware corporation with its principal place of business in Virginia. Zou is a director of iLIKEBUS and resides in Maryland. Wei, the Chief Executive Officer of iLIKEBUS, resides in Virginia. Collectively, defendants operate the website www.iLIKEBUS.com.

Ivymedia filed suit against defendants in May, 2015 claiming, <u>inter</u> <u>alia</u>, copyright infringement under 17 U.S.C. § 501, unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a), and unjust enrichment. Defendants responded the following month with a motion to dismiss. This Court dismissed all of plaintiff's claims with the exception of the copyright infringement claim. Defendants answered in due course and the Court convened a scheduling conference and set a deadline of January 31, 2016 for amended pleadings.

In September, 2016 the parties attempted to arbitrate their dispute. After arbitration failed, plaintiff moved to amend its complaint. Defendants opposed that motion and moved to strike plaintiff's reply to their opposition. Later that same month, defendants filed a motion for summary judgment. This memorandum

and order addresses plaintiff's motion to amend and defendants' motion to strike.

## II. Motion to Amend the Complaint

### A. Legal Standard

After a court has set a deadline for amending the pleadings at a scheduling conference, the "liberal amendment policy" in Fed. R. Civ. P. 15 gives way to the "more stringent good cause standard" in Fed. R. Civ. P. 16(b). O'Connell v. Hyatt Hotels of Puerto Rico, 357 F.3d 152, 154 (1st Cir. 2004) (internal quotations omitted).  In evaluating whether a party has shown good cause, courts consider 1) "the diligence of the party seeking the amendment" and 2) whether the opposing party would be prejudiced if modification were allowed. Id. at 155. "[I]ndifference by the moving party" weighs against a showing of good cause. Id. (internal quotations omitted).

The rationale behind the good cause standard is that it provides courts with the "devices necessary to manage [their] docket[s]" and facilitates "effective case management." Id. (internal quotations omitted).  Trial courts are granted "great latitude in carrying out case-management functions." Jones v. Winnepesaukee Realty, 990 F.2d 1, 5 (1st Cir. 1993).  Courts often consider efficiency and case management when deciding a motion to amend. See Smith & Nephew, Inc. v. Surgical Sols., Inc., 353 F. Supp. 2d 135, 138 (D. Mass. 2004); Abbott Labs. v.

-3-

Inverness Med. Tech., No. 98-cv-10674-GAO, 2002 WL 1906533, at *3 (D. Mass. Aug. 19, 2002).

### B. Application

Plaintiff moves to amend the complaint by adding the registration number of its 2005 copyright, TX 6-211-055. It also seeks to add that it holds another copyright, registration No. TXu 1-954-672, which is a supplement to its 2005 copyright that became effective in July, 2015. In support of its motion, plaintiff draws the Court's attention to emails showing that it waited to file the motion to amend because of negotiations with defense counsel and that defense counsel was aware of both registrations by at least June, 2016. Defendants respond that plaintiff has failed to show good cause and that defendants would be prejudiced if the Court allowed plaintiff's motion.

Plaintiff has met the good cause standard for amending the complaint. The emails demonstrate that, rather than showing indifference, plaintiff delayed filing its motion to amend because defendants' counsel requested that it wait until arbitration was completed. See O'Connell, 357 F.3d at 155. After the arbitration failed, plaintiff's counsel attempted to obtain defense counsel's assent to the motion before filing. In light of the pending arbitration and the repeated attempts to accommodate defendants' counsel, plaintiff's actions demonstrate that it diligently pursued the amendment.

As for the second consideration, defendants will not be prejudiced if the amendment is allowed.  Defendants' counsel have long been aware of the copyrights at issue.  Furthermore, the amendments are minor and do not change the sole remaining count alleged, copyright violation.  See Villanueva v. United States, 662 F.3d 124, 127 (1st Cir. 2011).  The Court will also briefly extend the deadlines in this case to accommodate the amended complaint.  Thus, allowing the modification will not prejudice defendants.

Finally, allowing the motion to amend will lead to the most efficient resolution of the controversy between the parties.  If plaintiff is not permitted to amend the complaint, it may file a second case to reflect its supplemental copyright claim. Resolving the alleged copyright infringement with respect to both the original and supplemental copyright is the most efficient use of this Court's resources.  See Smith & Nephew, Inc., 353 F. Supp. 2d at 138; Abbott Labs., 2002 WL 1906533, at *3.

The effort to accommodate opposing counsel, the relatively minor nature of the amendment and docket management concerns together provide good cause to allow amendment of the complaint. Accordingly, the Court will allow plaintiff's motion to amend.

### III. Motion to Strike

Defendants move to strike plaintiff's reply brief with respect to the motion to amend on grounds that plaintiff filed it without requesting leave of Court. LR, D. Mass 7.1. Sanctions are not appropriate and the motion to strike will be denied because both parties have filed replies without requesting leave.  The parties are, however, cautioned to request leave before filing reply briefs in the future.

### ORDER

In accordance with the foregoing, plaintiff's motion to amend the complaint (Docket No. 80) is **ALLOWED** and defendants' motion to strike (Docket No. 88) is **DENIED.**

The current pre-trial schedule is modified as follows:

| | |
|---|---|
| 02/28/2017 | Additional discovery on the amendments to the complaint shall be completed; |
| 03/14/2017 | Supplement to defendants' memorandum in support of their motion for summary judgment due (10 pages or less); |
| 03/21/2017 | Supplement to plaintiff's opposition to summary judgment motion due (10 pages or less); |
| 05/09/2017 | Motions in limine due; |
| 05/16/2017 | Responses to in limine motions, lists of witnesses and exhibits, due; |
| 05/24/2017 | Final pretrial conference; |

```
     05/30/2017      Jury trial commences
```

**So ordered.**

```
                                   /s/ Nathaniel M. Gorton
                                   Nathaniel M. Gorton
                                   United States District Judge
```

Dated January 11, 2017