United States District Court
District of Massachusetts

|  |  |  |
|---|---|---|
| IVYMEDIA CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 15-11918-NMG |
| iLIKEBUS, INC., ALAN ZOU, TONG WEI AND JOHN DOE, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

**GORTON, J.**

Plaintiff IvyMedia Corporation ("plaintiff") alleges copyright infringement by iLIKEBUS, Inc., its director, Alan Zou, and its Chief Executive Officer, Tong Wei (collectively, "defendants"). iLIKEBUS, Inc. is a competitor of plaintiff in the business of online ticketing and reservation services for bus companies. Specifically, plaintiff claims that defendants unlawfully copied its website's characteristics.

Defendants' motion to compel disclosure and document production related to plaintiff's claim of $600,000 in actual damages is pending before the Court. For the reasons that follow, that motion will be allowed, in large part, but denied, in some part.

Plaintiff has thus far produced only a description of the methodology it used to calculate its purported damages and a

letter from its marketing manager regarding damages.  Plaintiff refuses to produce any other information or documents with respect to alleged damages on the grounds that such material involves confidential and proprietary trade secrets.

"[T]here is no absolute privilege for trade secrets and similar confidential information." ITT Electro-Optical Prod. Div. of ITT Corp. v. Elec. Tech. Corp., 161 F.R.D. 228, 231 (D. Mass. 1995) (quoting Fed. Open Mkt. Comm. v. Merrill, 443 U.S. 340, 362 (1979)).  Federal Rule of Civil Procedure 26(c)(1)(G) states that courts may issue protective orders that limit the kind of information that is revealed about a trade secret or require that it only be revealed in a certain manner.  A court must weigh the need for the information that supposedly includes trade secrets against the purported injury that would occur if such secrets were disclosed. Id.  It is within a court's discretion to determine the appropriate protection, if any, for sensitive information at issue. Id.

Applying that principle, defendants' motion to compel is well taken.  Although the information underlying plaintiff's damages calculations may involve trade secrets, defendants are entitled to such information in order to respond to plaintiff's claim of damages. See Elec. Tech. Corp., 161 F.R.D. at 231. Moreover, this Court has already issued a protective order to which the discovery sought will be subject.  If plaintiff

chooses to waive its claim for monetary damages and limit the relief sought to an injunction, it will not be required to disclose what it deems to be trade secret information.

Defendants' request that plaintiff be required to reimburse them for expenses incurred as a result of the filing of the motion to compel will be denied without prejudice. If plaintiff persists in withholding discovery of its purported actual damages, however, defendants may renew such request.

In accordance with the foregoing, defendants' motion to compel is **ALLOWED** but their request for reimbursement of the expense of filing the motion is **DENIED without prejudice**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated April 21, 2017