United States District Court
District of Massachusetts

| | |
|---|---|
| IVYMEDIA CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 15-11918-NMG |
| iLIKEBUS, INC., ALAN ZOU, TONG ) | |
| WEI AND JOHN DOE, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM & ORDER

**GORTON, J.**

This case involves a copyright infringement dispute between two competing businesses that provide online ticketing and reservation services for bus companies. Plaintiff IvyMedia Corporation ("IvyMedia" or "plaintiff") alleges that defendants iLIKEBUS, Inc. ("iLIKEBUS"), Tong Wei and Alan Zou (collectively, "defendants") unlawfully copied its website's characteristics. Defendants' motion for summary judgment is pending before the Court. For the reasons that follow, that motion will be allowed, in part, and denied, in part.

I.  **Background:**

   **A. The Parties and Their Websites**

IvyMedia, a Massachusetts corporation, offers a web-based platform for customers to make reservations and purchase bus tickets. Its original website, www.IvyMedia.com, has been

operating since March, 2002. It also owns and operates the website www.GotoBus.com which was launched in 2006. IvyMedia acts as an independent contractor for bus companies and receives a commission based on each ticket sale made through its website.

Defendant iLIKEBUS is a Delaware corporation with its principal place of business in Virginia. Wei, the Chief Executive Officer of iLIKEBUS, resides in Virginia. Zou is an information technology consultant at iLIKEBUS and resides in Maryland. Collectively, defendants operate the website www.iLIKEBUS.com which was launched in March, 2015 and redesigned in June, 2015.

### B. Plaintiff's Copyrights

IvyMedia holds two copyrights that protect its websites. Its first copyright ("the 2005 copyright"), Registration Number TX 6-211-055, became effective on December 13, 2005. The 2005 copyright states that the title of the work is "IvyMedia Website" and that the nature of the authorship is a

> Portion of the text; revision of pre-existing text; selection, coordination and arrangement of text, graphic art [and] photograph[s.]

Attached to the copyright registration are 70 pages reproduced from IvyMedia's website in 2005.

IvyMedia's second copyright ("the 2015 copyright"), Registration Number TXu 1-954-672, became effective on July 24, 2015. That copyright is titled "GotoBus.com" and protects the

"text and original artwork" on the GotoBus website. Although IvyMedia asserts that the copyright extends to GotoBus webpages that were submitted along with the application for copyright registration, it did not submit those specific pages as an exhibit. Therefore, the Court has referred to the pages of the GotoBus website that were submitted along with the original complaint to evaluate the purported copyright infringement.

**C. Procedural Background**

After iLIKEBUS launched its website in March, 2015 IvyMedia filed suit against defendants in May, 2015 claiming, inter alia, infringement of its 2005 copyright under 17 U.S.C. § 501, unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a), and unjust enrichment. Defendants moved to dismiss IvyMedia's claims in June, 2015 and plaintiff opposed that motion. This Court dismissed plaintiff's claims, with the exception of the copyright infringement claim, in July, 2015.

That same month, defendants filed an answer addressing the remaining claim. The Court held a scheduling conference in September, 2015 and issued a scheduling order. In January, 2016, IvyMedia filed a motion to amend the complaint which the Court denied. In April, 2016, the parties filed a joint motion to extend the discovery deadlines which the Court allowed.

In September, 2016, the parties attempted to arbitrate their dispute. After arbitration failed, plaintiff moved to

amend its complaint to add a claim that defendants infringed its 2015 copyright. Later that same month, defendants filed a motion for summary judgment. In January, 2017, this Court allowed the motion to amend the complaint to add allegations concerning the 2015 copyright. Plaintiff's amended complaint alleges that defendants have infringed both the 2005 and the 2015 copyrights under the federal Copyright Act, 17 U.S.C. § 501, and seeks a permanent injunction, actual monetary damages and attorneys' fees and any other relief that this Court deems fit.

Both parties submitted supplemental briefing with respect to defendants' motion for summary judgment to reflect the amended complaint. This memorandum and order addresses the motion for summary judgment.

## II. Motion for Summary Judgment

### A. Legal Standard

The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Mesnick v. Gen. Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991). The burden is on the moving party to show, through the pleadings, discovery and affidavits, "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of

the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A genuine issue of material fact exists where the evidence with respect to the material fact in dispute "is such that a reasonable jury could return a verdict for the nonmoving party." Id.

If the moving party has satisfied its burden, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine, triable issue. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The Court must view the entire record in the light most favorable to the non-moving party and indulge all reasonable inferences in that party's favor. O'Connor v. Steeves, 994 F.2d 905, 907 (1st Cir. 1993). Summary judgment is appropriate if, after viewing the record in the non-moving party's favor, the Court determines that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law.

**B. Analysis**

Defendants move for summary judgment on the grounds that 1) the GotoBus website is not protectable as a derivative work of the 2005 copyright, 2) a lack of substantial similarity between the 2015 copyright and the iLIKEBUS website precludes a finding of copyright infringement based upon that copyright, 3) plaintiff is not entitled to damages or injunctive relief and

4) defendants Wei and Zou cannot be individually liable because they redesigned the original iLIKEBUS website.

In support of their motion for summary judgment, defendants submitted a statement of undisputed facts. While plaintiff asserted that there were many remaining factual disputes in its memoranda opposing summary judgment, it did not submit a response to defendants' statement of undisputed facts. Therefore, the Court will consider those facts undisputed.

**1. Legal Standard for Copyright Infringement**

"[R]egistration is not a condition of copyright protection" but it is required before a plaintiff files a claim alleging copyright infringement under the federal Copyright Act. Airframe Sys., Inc. v. L-3 Commc'ns Corp., 658 F.3d 100, 105 (1st Cir. 2011) (quoting 17 U.S.C. § 408(a)). To succeed on a copyright infringement claim a plaintiff must demonstrate "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Situation Mgmt. Sys., Inc. v. ASP. Consulting LLC, 560 F.3d 53, 58 (1st Cir. 2009) (quoting Feist Publications, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991)).

With respect to the first requirement, a certificate of copyright registration carries with it a presumption of validity that must be rebutted by a defendant. Lotus Dev. Corp. v.

Borland Int'l, Inc., 49 F.3d 807, 813 (1st Cir. 1995), aff'd, 516 U.S. 233 (1996).

The second requirement has two subparts. "First, the plaintiff must show that copying actually occurred." Johnson v. Gordon, 409 F.3d 12, 18 (1st Cir. 2005). Second, he must demonstrate

> that the copying of the copyrighted material was so extensive that it rendered the infringing and copyrighted works substantially similar.

Id. (internal quotation marks omitted). Substantial similarity is measured with an "ordinary observer test" which examines whether an ordinary person would find "that the defendant unlawfully appropriated the plaintiff's protectable expression." Id.

The federal Copyright Act also protects derivative works which are "based upon one or more preexisting works" that have been "recast, transformed, or adapted." 17 U.S.C. §§ 101, 106(2). Derivative works include "editorial revisions, annotations, elaborations, or other modifications . . . ." 17 U.S.C. § 101. A copyright holder may

> bring a suit for unauthorized distribution of an unregistered derivative work as long as the suit is based on elements "borrowed" from a registered underlying work and not on elements original to the derivative work.

Gordon, 409 F.3d at 20. In other words, elements that only appear in an unregistered derivative work are not protected by

-7-

the underlying copyright. Id.; see also Greene v. Ablon, 794 F.3d 133, 152 (1st Cir. 2015).

### 2. Plaintiff's Claim that the iLIKEBUS Website Infringes the 2005 Copyright

Defendants contend that summary judgment is warranted with respect to plaintiff's claim that they infringed the 2005 copyright, which protects the IvyMedia website, because the dissimilarity between the IvyMedia and iLIKEBUS websites is readily apparent. Plaintiff responds that its GotoBus website is a derivative work that is protected by the 2005 copyright and defendants have infringed that website.

Plaintiff's contention that the GotoBus website is a derivative work that is protected by the 2005 IvyMedia copyright is unavailing. There is no genuine dispute of material fact concerning the content of the GotoBus and IvyMedia websites and the differences between them significantly outnumber the few similarities. The most notable difference is that the websites advertise and sell different products. The IvyMedia website "offers bus tours . . . to [various] popular travel destinations" ranging from the Boston Freedom Trail to a tour of Los Angeles that includes stops at movie stars' homes. In contrast, the GotoBus website advertises and sells bus tickets that allow passengers to travel to and from different cities. Accordingly, the GotoBus website is a separate work that

addresses a separate topic, not a "recast, transformed, or adapted" version of the IvyMedia website. 17 U.S.C. § 101.

Moreover, the differences between the websites extend beyond the product that each sells. Almost every aspect of the two websites differs: the name and logo, the order and specific words used in the navigation menus, the format, the text and the available search options are all distinct.

To the extent that there are similar elements between the IvyMedia and GotoBus websites, they are not entitled to copyright protection. Both websites allow users to "sign-in" or "login" and have a shopping cart icon. Both websites also have navigation menus that contain links used to operate the website and search functions that enable users to find tickets. As defendants point out, however, such common elements of websites are precluded from copyright protection as 1) methods of operation and 2) under the doctrine of scènes à faire.

Section 102 of the Copyright Act excludes any "method of operation" from copyright protection. 17 U.S.C. § 102(b). Therefore, while original expression in a website is protected, the underlying methods used to operate it are not. Lotus, 49 F.3d at 815. For instance, the First Circuit Court of Appeals has determined that the menu command hierarchy of a computer program, which included commands such as "print", "save" and "quit", involves methods of operations and cannot be protected

by a copyright. Id. Because the option to login to a website, the use of a shopping cart, the use of links to navigate a website and a search function on a website all involve methods of operation, they cannot be protected by copyright. See id.

The doctrine of scènes à faire also precludes the elements that appear in both the IvyMedia and the iLIKEBUS website from copyright protection. That doctrine

> denies copyright protection to elements of a work that are for all practical purposes indispensable, or at least customary, in the treatment of a given subject matter.

Coquico, Inc. v. Rodriguez-Miranda, 562 F.3d 62, 68 (1st Cir. 2009). In a computer program context, the scènes à faire doctrine renders "design standards, target industry practices, and computer industry programming practices" unprotectable. Real View, LLC v. 20-20 Techs., Inc., 683 F. Supp. 2d 147, 152 (D. Mass. 2010). The elements that appear on both the IvyMedia and GotoBus websites, such as the shopping cart and links to operate the website, are standard programming and thus precluded from copyright protection under the scènes à faire doctrine.

Because a derivative work is only protectable to the extent it includes protectable elements from the copyrighted work, and the GotoBus website does not contain copyrightable elements from the IvyMedia website, the GotoBus website is not protected by the 2005 copyright. Gordon, 409 F.3d at 20. Accordingly,

defendants are entitled to judgment as a matter of law on plaintiff's claim that they infringed the 2005 copyright.

### 3. Plaintiff's Claim that the iLIKEBUS Website Infringes the 2015 Copyright

Defendants assert that they are entitled to summary judgment with respect to plaintiff's claim that the iLIKEBUS website infringes upon the 2015 copyright on grounds that there is no substantial similarity between the protectable elements of the copyrighted work, the GotoBus website, and their iLIKEBUS website. Plaintiff responds that its copyright registration protects the text, original artwork and the webpages as a whole and that the substantial similarity requirement is met.

The only remaining claim in this case is that defendants infringed plaintiff's copyright in violation of the federal Copyright Act. Because registration is a prerequisite for a copyright infringement claim pursuant to that statute, and plaintiff did not register its copyright until after the first iLIKEBUS website had been taken down, the Court will consider only the second version of the iLIKEBUS website in determining whether infringement of the 2015 copyright occurred. Airframe Sys., Inc., 658 F.3d at 105.

Comparing plaintiff's GotoBus website and the second version of the iLIKEBUS website, sufficient similarities between protectable elements exist to create a genuine dispute of

material fact as to whether copyright infringement has occurred. For instance, on the left side of GotoBus's website, there is a box entitled "Schedule Features" that contains the following headings: "Roundtrip Discount", "Buy N Get 1 Free", "Wireless Internet", "Wireless Internet with Power Plug", "Power Plug Available" and "Dynamic Price". Four of those six headings appear in a box entitled "Bus Features" on the left side of iLIKEBUS's website. The placement of the box on the website and the apparent verbatim copying of the headings suffices to preserve a genuine issue of material fact as to whether the websites are substantially similar. See Gordon, 409 F.3d at 18.

Furthermore, defendants' contention that there is no copyright infringement because the similar elements, in any, involve methods of operation or scènes à faire is unavailing with respect to the 2015 copyright. None of the headings in the box is a link or provides a means to operate the website and all of the concepts behind the headings can be expressed in a variety of ways that do not include verbatim copying. Therefore, defendants are not entitled to summary judgment on the grounds that there is no substantial similarity between the iLIKEBUS and GotoBus websites.

**4. Remedies**

Defendants contend that summary judgment should be granted because 1) there is no evidence of actual damage, 2) plaintiff

is not entitled to statutory damages or attorneys' fees and 3) there is no evidence that would support permanently enjoining defendants. Plaintiff responds that it is either entitled to actual or statutory damages and that the ongoing harm caused by the purportedly infringing website warrants injunctive relief.

First, the only evidence that supports actual damages appears to be plaintiff's speculative assertion that the alleged infringement caused the difference between their projected and actual sales in 2015. As defendants point out, and plaintiff does not dispute, plaintiff has

> produced no financial reports, statements, records, or
> . . . documents that would support its damages claims.

Moreover, this Court recently allowed defendants' motion to compel plaintiff to produce the information underlying its damages calculation. Because the motion to compel was recently allowed and discovery concerning actual damages is ongoing, the Court will not allow summary judgment in defendants' favor on actual damages. If plaintiff refuses to comply with the motion to compel, however, defendants will be entitled to summary judgment on plaintiff's claim for actual damages because there is thus far a dearth of evidence in support of such a claim.

Second, defendants correctly contend that statutory damages and attorneys' fees are precluded under 17 U.S.C. § 412 because the supposedly infringing activity began before the 2015

copyright was registered. The original iLIKEBUS website went live on March 19, 2015 and the revised version on June 7, 2015. The registration of the copyright to protect the GotoBus website became effective on July 24, 2015.

The Copyright Act does not permit statutory damages or attorneys' fees if the allegedly infringing activity begins before the copyright was registered. See Gordon, 409 F.3d at 20 ("[Registration] is also a condition precedent for obtaining certain remedies, such as statutory damages and attorneys' fees."); Derek Andrew, Inc. v. Poof Apparel Corp., 528 F.3d 696, 701, n.4 (9th Cir. 2008) (collecting cases). Accordingly, because the undisputed facts show that the 2015 copyright was registered after the alleged infringement began, defendants are entitled to summary judgment on plaintiff's claim for statutory damages and attorneys' fees as a matter of law.

Third, because there is a genuine issue of material fact with respect to whether defendants' website infringes the 2015 copyright, there remains such an issue with respect to whether permanent injunctive relief is warranted. Thus, summary judgment denying injunctive relief is unwarranted.

Therefore, as to defendants' contention that plaintiff is not entitled to statutory damages and attorneys' fees, their motion for summary judgment will be allowed but, as to

defendants' contention that summary judgment is warranted on actual damages and injunctive relief, the motion will be denied.

### 5. Individual Liability of Zou and Wei

Defendants submit that summary judgment of dismissal of the claims against the individual defendants should be allowed because Wei and Zou attempted to stop the supposed infringement by ordering the website to be redesigned. Defendants' argument that Wei and Zou cannot be liable is unpersuasive given this Court's conclusion that genuine issues of material fact persist with respect to whether the redesigned website infringes the 2015 copyright. See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd., 545 U.S. 913, 930 (2005). Thus, the Court will deny defendants' motion for summary judgment on the claims against Wei and Zou.

## ORDER

In accordance with the foregoing, defendants' motion for summary judgment is, with respect to 1) the claim that defendants' infringed the 2005 copyright and 2) plaintiff's request for statutory damages and attorneys' fees, **ALLOWED** but is otherwise **DENIED.**

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated May 15, 2017