United States District Court
District of Massachusetts

|  |  |  |
|---|---|---|
| IVYMEDIA CORPORATION,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>ILIKEBUS, INC., ALAN ZOU, TONG WEI AND JOHN DOE,<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No.<br>15-11918-NMG |

## ORDER

GORTON, J.

In this copyright infringement case, plaintiff IvyMedia Corporation ("plaintiff") claims that a competitor, iLIKEBUS, Inc., its information technology consultant, Alan Zou, and its Chief Executive Officer, Tong Wei (collectively, "defendants"), unlawfully copied its website's characteristics. Defendants' motion for sanctions on the grounds that plaintiff failed to comply with this Court's order compelling it to produce evidence underlying its claim for actual damages is pending before the Court.

Plaintiff contends that it suffered actual damages of $600,000 in lost sales after iLIKEBUS's website copied its website. After plaintiff failed to produce any information relative to its alleged damages during discovery, defendants moved to compel the production of such information in February,

-1-

2017. In April, 2017, this Court allowed the motion to compel. Since then, according to defendants, plaintiff has produced 23 pages of merchant billing statements in support of its claim for damages. Only the first page of each statement has been produced. The documents have been redacted so that the "total sales figures" are hidden. The documents do not purport to show profit and loss, assets and liabilities or cash flow. Defendants contend that plaintiff has failed to comply with the motion to compel and should be sanctioned by the dismissal of its actual damages claim under Fed. R. Civ. P. 37(b)(2)(A) or 37(c)(1)(C).

Plaintiff responds that it has complied with this Court's order because the documents that it has produced include the gross and net sales numbers upon which its damages calculation is based. It also states that it 1) is attempting to locate additional missing statements and 2) forwarded a second batch of documents to defendants after they filed their motion for sanctions. Plaintiff reminds the Court that defendants did not file their motion to compel until the last day of the extended discovery period.

Federal Rule of Civil Procedure 37(b) provides a bevy of sanctions that a Court may impose when a party fails to comply with a discovery order, including "dismissing the action . . . in whole or in part." Fed. R. Civ. P. 37(b)(2)(A). Because

dismissal is "one of the most draconian sanctions permitted", it should be used only as a sanction for extreme misconduct. Vazquez-Rijos v. Anhang, 654 F.3d 122, 127-28 (1st Cir. 2011). Alternatively, Fed. R. Civ. P. 37(c)(1) states that

> [if] a party fails to provide information or identify a witness as required by Rule 26(a) . . . the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or harmless.

Rule 26(a) requires litigants to provide a party-opponent with "the documents or other evidentiary material" that underlie a damages calculation.

In this case, plaintiff has at least partially complied with the relevant Court order. Therefore, plaintiff's behavior does not rise to the level of extreme misconduct warranting dismissal under Fed. R. Civ. P. 37.

On the other hand, plaintiff has hardly been forthcoming with respect to evidence underlying its damages calculation and even admits that it has been unable to locate all relevant documents. Accordingly, any documentation or other evidence that plaintiff fails to disclose and deliver to defendants on or before the close of business on Friday, May 19, 2017 will be excluded from the trial, nor will its witnesses be allowed to testify about such evidence. See Laplace-Bayard v. Batlle, 295 F.3d 157, 162 (1st Cir. 2002).

In accordance with the foregoing, defendants' motion for sanctions (Docket No. 107) is **DENIED without prejudice**. Defendants may renew their motion if plaintiff attempts to offer at trial any evidence of damages not disclosed to defendants as required herein.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated May 17, 2017