United States District Court
District of Massachusetts

| | |
|---|---|
| IVYMEDIA CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>ILIKEBUS, INC., ALAN ZOU, TONG WEI AND JOHN DOE,<br><br>Defendants. | Civil Action No.<br>15-11918-NMG |

### ORDER

GORTON, J.

Having considered the matters taken under advisement at the final pretrial conference, the Court rules as follows:

1. Defendants' objection to plaintiff's exhibit identified as "[p]rintouts of IvyMedia website circa early 2015" (Docket No. 127) is **SUSTAINED**. "[Copyright] registration attaches to the material deposited." Gallup, Inc. v. Kenexa Corp., 149 F. App'x 94, 95 (3d Cir. 2005). Accordingly, printouts from plaintiff's website in early 2015 that were not deposited with the copyright are irrelevant and would confuse the issues in violation of Fed. R. Evid. 403.

2. Defendants' request in its in limine motion (Docket No. 110) to exclude evidence of purported copyright infringement after June 7, 2015 on the grounds that plaintiff has conceded that the redesigned iLIKEBUS website does not infringe its copyright is

**DENIED.** Such evidence is relevant because plaintiff alleges that, even after the redesign, the website infringed its copyright.

3. Because registration is not required for copyright protection to attach and plaintiff now owns a registered copyright for its GotoBus website, the Court will allow submission of evidence of the first version of defendants' website which was active from March, 2015 to June, 2015. Coles v. Wonder, 283 F.3d 798, 801 (6th Cir. 2002). Such evidence is relevant to plaintiff's copyright infringement claim under the federal Copyright Act. 17 U.S.C. § 501.

4. Although plaintiff's evidence of damages and causation is tenuous at best, a fact finder could infer causation and lost profits from the sales records and therefore defendants' objection to the presentation of such evidence is **OVERRULED** and plaintiff will be permitted to present evidence of actual damages to the jury. See Jane Doe No. 1 v. Backpage.com, LLC, 817 F.3d 12, 28 (1st Cir. 2016), cert. denied, 137 S. Ct. 622 (2017) (noting that to succeed on a damages claim a plaintiff must present evidence that goes beyond mere speculation).

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated May 25, 2017